ARTURO M. CISNEROS, #120494
NATHAN F. SMITH, #264635
MALCOLM ♦ CISNEROS, A Law Corporation
4 Venture, Suite 395
Irvine, California 92618
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: nathan@mclaw.org

*Attorneys for Chapter 7 Trustee, Todd A. Frealy*

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>TOMMIESELLE DEBBREALE THOMPSON,<br><br>    Debtor.<br>_____<br><br>TODD A. FREALY, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Tommieselle Debbreale Thompson,<br><br>    Plaintiff,<br><br>  v.<br><br>KIMBER S. JACKSON, an individual,<br><br>    Defendant. | Case No. 6:25-bk-15586-RB<br><br>Chapter 7<br><br>Adversary No.<br><br><br>**COMPLAINT:**<br><br>**(1) SALE OF PROPERTY PURSUANT TO 11 U.S.C. § 363(h);**<br>**(2) TURNOVER PURSUANT TO 11 U.S.C. § 542(a)** |

Complaint        1

Plaintiff Todd A. Frealy, solely in his capacity as the Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Tommieselle Debbreale Thompson ("Debtor"), hereby alleges as follows:

## STATEMENT OF JURISDICTION AND VENUE

1.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409 because this adversary proceeding arises in and relates to a case under Title 11 of the United States Code ("Bankruptcy Code") that is pending in this District: *In re Tommieselle Debbreale Thompson*, United States Bankruptcy Court for the Central District of California, Riverside Division case number 6:25-bk-15586-RB ("Bankruptcy Case").

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(b)(2)(A), (E), (K) and (O), and 1334 and 11 U.S.C. §§ 323 and 363.

3.      This adversary proceeding is brought pursuant to Rule 7001, *et seq*. of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 363(h).

4.      This is a "core" proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (E), (K), and (O).

5.      Pursuant to Local Bankruptcy Rule 7008-1, Trustee consents to entry of final orders or judgment by the Bankruptcy Court.

## PARTIES TO THE ACTION

6.      On August 10, 2025 ("Petition Date"), Debtor commenced the Bankruptcy Case by filing a voluntary petition for relief under the Bankruptcy Code ("Petition").

7.      On August 10, 2025, Trustee was duly appointed as the Chapter 7 trustee of the Estate in the Bankruptcy Case, a capacity in which he continues to serve.

8.      Kimber S. Jackson ("Defendant") is an individual residing, on information and belief, in Tulsa County, Oklahoma and who formerly resided in San Bernardino County, California.

## STATEMENT OF STANDING

9.      Trustee, as Trustee of Debtor's Bankruptcy Estate, has standing to bring this action pursuant to 11 U.S.C. §§ 323 and 363.

## GENERAL ALLEGATIONS

**A.      The Property.**

10.      On or about July 29, 2019, Defendant conveyed her interest in the real property commonly

known as 13966 Colt Court, Victorville, California 92394 ("Property") to "Kimber S. Jackson and Tommieselle D. Thompson, a married couple, as joint tenants" via a Grant Deed recorded in the Official Records of the San Bernardino County Recorder's Office on August 5, 2019 as document number 2019-0265153 ("Grant Deed").  A true and correct copy of the Grant Deed is attached hereto as Exhibit "A."

11.     On or about December 8, 2021, a deed of trust was recorded against the Property ("Deed of Trust"). The Deed of Trust evidences a $259,250 loan from LendUS, LLC to Defendant and Debtor and was recorded in the Official Records of the San Bernardino County Recorder's Office as document number 2021-0550437.

12.     Trustee is informed, believes, and thereon alleges that the Property is currently encumbered by the Deed of Trust, presently serviced by Shellpoint Mortgage Servicing, with an approximate outstanding balance of $245,000.

13.     On December 14, 2023, a Judgment of Dissolution was entered in San Bernardino County Superior Court case number FAMBA2302641, which terminated the marital status of Defendant and Debtor, effective April 8, 2024 ("Dissolution Judgment"). The Dissolution Judgment did not address the status of real property co-owned by Defendant and Debtor.  A true and correct copy of the Dissolution Judgment is attached hereto as Exhibit "B."

**B.     <u>The Debtor's Interest in the Property is Property of the Estate.</u>**

14.     Trustee is informed, believes, and thereon alleges that, on or about April 17, 2024, Debtor entered into an alleged agreement with Defendant ("Alleged Agreement"), whereby Defendant agreed to assume all interest, rights, and liabilities in connection with the Property.

15.     The Alleged Agreement was not recorded.

**C.     <u>The Filing of Debtor's Petition and the Estate's Interest in the Property.</u>**

16.     Debtor filed her voluntary Chapter 7 petition on August 10, 2025. In her sworn schedules, Debtor did not identify the Property in her Schedule A/B but identified the Property and a $244,463 lien against it in her sworn Schedule D.

17.     Debtor did not identify any co-debtors in her sworn Schedule H.

18.     Pursuant to the Dissolution Judgment and 11 U.S.C. § 541(a)(1), as of the Petition Date, Debtor had a 50% interest in the Property as a tenant in common, with Defendant holding the remaining

Complaint                                        3

50% interest in the Property. Based on Debtor's 50% ownership interest in the Property as of the Petition Date, the Estate has a 50% interest in the Property.

19.     Trustee is informed, believes, and thereon alleges that the value of the Property is at least $400,000.

**D.     Trustee's Efforts to Resolve the Estate's Interest in the Property.**

20.     On November 24, 2025, Trustee circulated an offer to Defendant at the Property address, wherein he offered Defendant the opportunity to purchase the Estate's interest in the Property.

21.     On February 2, 2026, Trustee circulated an offer to Defendant at her Tulsa, Oklahoma address, wherein he offered Defendant the opportunity to purchase the Estate's interest in the Property.

22.     As of the filing of this Complaint, Trustee has not received a response to the foregoing offers from Defendant.

**FIRST CLAIM FOR RELIEF**

**(For Sale of the Property Pursuant to 11 U.S.C. § 363(h))**

23.     Trustee re-alleges and incorporates, by this reference thereto, each and every allegation set forth above as though fully set forth herein.

24.     Partition in kind of the Property among the Estate and Defendant is impracticable because the Property is a single-family residence.

25.     Sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than sale of the Property free and clear of Defendant's interest in the Property.

26.     The benefit to the Estate of the sale of the Property free and clear of Defendant's interest outweighs the detriment, if any, to Defendant.

27.     The Property is not being used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

28.     Trustee is entitled to a judgment declaring that Trustee may sell the Property free and clear of Defendant's interest in it, with the proceeds of the sale, less the costs and expenses of the sale, to be distributed according to the Estate and Defendant's respective 50% interests in the Property.

WHEREFORE, Trustee respectfully requests entry of judgment declaring that Trustee may sell the Property free and clear of Defendant's interest in it, subject to Bankruptcy Court approval, with the

Complaint                                    4

proceeds of the sale, less the costs and expenses of the sale, to be distributed according to the Estate and Defendant's respective 50% interests in the Property, as required by 11 U.S.C. § 363(j), and for such further relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**

**(Turnover Under 11 U.S.C. § 542 – The Property)**

29.     Trustee re-alleges and incorporates, by this reference thereto, each and every allegation set forth above as though fully set forth herein.

30.     Defendant is in possession of the Property, in which the Estate holds a 50% interest and which is property of the Estate pursuant to 11 U.S.C. § 541(a).

31.     The Property may be sold by Trustee under 11 U.S.C. § 363(h).

32.     Trustee is informed, believes, and thereon alleges that the sale of the Property will realize a net return of approximately $70,000 for the Estate. Therefore, the Property is of consequential value to the Estate.

WHEREFORE, Trustee respectfully requests entry of a judgment requiring Defendant to immediately turn over the Property to Trustee pursuant to 11 U.S.C. § 542.

**PRAYER FOR RELIEF**

**WHEREFORE**, Trustee prays for judgment against Defendant as follows:

1.     For entry of a judgment declaring that Trustee may sell the Property free and clear of Defendant's interest in it, subject to Bankruptcy Court approval, with the proceeds of the sale, less the costs and expenses of the sale, to be distributed according to the Estate and Defendant's respective 50% interests in the Property;

2.     For a judgment requiring Defendant to immediately turn over the Property to Trustee; and

3.     For such other and further relief as the Court deems just and proper.

DATED: March 30, 2026                    Respectfully Submitted,

MALCOLM ♦ CISNEROS, A Law Corporation

By: */s/ Nathan F. Smith*
    NATHAN F. SMITH
    *Attorneys for Chapter 7 Trustee, Todd A. Frealy*

Complaint                                    5

# EXHIBIT A

RECORDING REQUESTED BY

*Visionet Systems, Inc.*

AND WHEN RECORDED MAIL DOCUMENT TO:

NAME *Title 365 / Recording Dept*

STREET ADDRESS

*345 Rouser Rd., Bldg 300*

CITY, STATE &
ZIP CODE

*Coraopolis, PA 15108*

Electronically Recorded in Official Records, County of San Bernardino    **8/05/2019
03:19 PM
SG**

**BOB DUTTON**
ASSESSOR - RECORDER - CLERK

473  Visionet Systems, Inc

Doc# **2019-0265153**

| | | |
|---|---|---|
| Titles  1 | Pages  4 | |
| Fees | | 23.00 |
| Taxes | | .00 |
| CA SB2 Fee | | .00 |
| Others | | .00 |
| Paid | | 23.00 |

SPACE ABOVE FOR RECORDER'S USE ONLY

*Grant Deed*

**Title of Document**

Pursuant to Senate Bill 2 – Building Homes and Jobs Act (GC Code Section 27388.1), effective January 1, 2018, a fee of seventy-five dollars ($75.00) shall be paid at the time of recording of every real estate instrument, paper, or notice required or permitted by law to be recorded, except those expressly exempted from payment of recording fees, per each single transaction per parcel of real property. The fee imposed by this section shall not exceed two hundred twenty-five dollars ($225.00).

☐ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer subject to the imposition of documentary transfer tax (DTT).

☑ Exempt from fee per GC 27388.1 (a) (2); recorded concurrently "in connection with" a transfer of real property that is a residential dwelling to an owner-occupier.

☐ Exempt from fee per GC 27388.1 (a) (1); fee cap of $225.00 reached.

☐ Exempt from the fee per GC 27388.1 (a) (1); not related to real property.

THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
($3.00 Additional Recording Fee Applies)

EXHIBIT A
PAGE 6

Return To:
Title 365 - Coraopolis,
345 Rouser Road, Suite 201
Coraopolis, PA 15108

File No. OS3200-19003863

Recording requested by:
Title 365 - Coraopolis, 345 Rouser Road, Suite 201 Coraopolis, PA 15108

"This is a bonafide gift and the grantor received nothing in return, R & T 11911."

Documentary Transfer Tax Declaration
Documentary Transfer Tax $_____ 0_____
_____ computed on full value of property conveyed.
_____ computed on full value less liens and encumbrances assumed.

Signature of Declarant or Agent determining tax

APN:  3104411450000 (13966 Colt Court, Victorville, CA 92394-7524)

## GRANT DEED

KNOW ALL MEN BY THESE PRESENTS THAT:

For and in consideration of Zero and 00/100 Dollars ($10.00), and other good and valuable consideration, cash in hand paid, the receipt and sufficiency of which is hereby acknowledged, KIMBER S. JACKSON, now a married woman, hereinafter referred to as "Grantor" does hereby grant, unto KIMBER S. JACKSON and TOMMIESELLE D. THOMPSON, a married couple, as joint tenants with rights of survivorship, hereinafter referred to as "Grantee", the following land and property together with all improvements located thereon, in the City of Victorville, County of San Bernardino, State of California, to wit:

Lot 69 of Tract No. 16220, in the City of Victorville, County of San Bernardino, State of California, as per Map recorded in Book 290 Page(s) 85 through 95 inclusive of Miscellaneous Maps, in the Office of the County Recorder of said County.

Mail Tax Statements to:
Kimber S. Jackson and Tommieselle D. Thompson
13966 Colt Court
Victorville, CA 92394-7524

EXHIBIT A
PAGE 7

Being the same property conveyed to Kimber S. Jackson, a single woman by Deed recorded in Instrument No. 2012-0258482 in the Office of the County Recorder of San Bernardino County, State of California.

SUBJECT to all easements, rights-of-way, protective covenants and mineral reservations of record, if any.

THIS CONVEYANCE made subject to all easements, and building or use restrictions of record, including, but not limited to, those for public roads and highways, restrictive covenants, utilities, railroads, and pipelines.  The conveyance is also subject to all applicable zoning, ordinances, statutes, rules, or regulations, as amended.

TO HAVE AND TO HOLD the same unto Grantee, and unto Grantee's heirs and assigns forever, with all appurtenances thereunto belonging.

LESS AND EXCEPT all oil, gas and minerals, on and under the above described property owned by Grantor, if any, which are reserved by Grantor.

GRANTOR does for Grantor's heirs, personal representatives, executors and assigns forever hereby covenant with Grantee that Grantor is lawfully seized in fee simple of said premises; that the premises are free from all encumbrances, unless otherwise noted above; that Grantor has a good right to sell and convey the same as aforesaid; and to forever warrant and defend the title to the said lands against all claims whatever.

TO HAVE AND TO HOLD to the said Grantee, in fee simple, their heirs, personal representatives, executors and assigns.

IN WITNESS WHEREOF, Grantor's hand this the 29 day ___July___, 20 19.


_____(seal)
KIMBER S. JACKSON

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Bernardino:

On July 29, 2019 before me, Murial D Taylor , Notary Public, personally appeared KIMBER S. JACKSON, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.



Notary Public                                                                                    (seal)
My Commission expires: 2/12/2020

MURIAL D. TAYLOR
Commission # 2142529
Notary Public - California
San Bernardino County
My Comm. Expires Feb 12, 2020

Grantor Name and Address
Kimber S. Jackson
13966 Colt Court
Victorville, CA 92394-7524

Grantee Name and Address
Kimber S. Jackson and Tommieselle D. Thompson
13966 Colt Court
Victorville, CA 92394-7524

# EXHIBIT B

COPY

FL-180

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*

Tommieselle Thompson

13966 Colt Court

Victorville                                    CA        92394
TELEPHONE NO.:                  FAX NO. *(Optional)*

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)* Self Represented Litigant

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS: 351 North Arrowhead Avenue
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Bernardino, CA 92415-0245
BRANCH NAME: San Bernardino - Family Law Division

**FOR COURT USE ONLY**

SUPERIOR COURT OF CALIFORNIA
SAN BERNARDINO COUNTY
BARSTOW DISTRICT
235 E. MT VIEW, BARSTOW, CA 92311

FILED - BARSTOW
SAN BERNARDINO COUNTY
SUPERIOR COURT

DEC 1 4 2023

BY _____
JENNIFER IRONS, DEPUTY

**MARRIAGE OR PARTNERSHIP OF**
PETITIONER: Tommieselle Thompson

RESPONDENT: Kimber S. Jackson

| JUDGMENT | CASE NUMBER: |
|---|---|
| ✔ DISSOLUTION    ☐ LEGAL SEPARATION    ☐ NULLITY | FAMBA2302641 |

☐ Status only
☐ Reserving jurisdiction over termination of marital or domestic partnership status
☐ Judgment on reserved issues
Date marital or domestic partnership status ends: **APR – 8 2024**

1. ☐ This judgment ☐ contains personal conduct restraining orders ☐ modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on *(date)*: _____

2. This proceeding was heard as follows: ✔ Default or uncontested    ✔ By declaration under Family Code section 2336
   ☐ Contested    ☐ Agreement in court
   a. Date: _____ Dept.: _____    Room: _____
   b. Judicial officer *(name)*: _____       ☐ Temporary judge
   c. ☐ Petitioner present in court       ☐ Attorney present in court *(name)*: _____
   d. ☐ Respondent present in court      ☐ Attorney present in court *(name)*: _____
   e. ☐ Claimant present in court *(name)*: _____   ☐ Attorney present in court *(name)*: _____
   f. ☐ Other *(specify name)*: _____

3. The court acquired jurisdiction of the respondent on *(date)*:    10/07/2023
   a. ✔ The respondent was served with process.
   b. ☐ The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. ✔ Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the status of single persons
      (1) ✔ on *(specify date)*: **APR – 8 2024**
      (2) ☐ on a date to be determined on noticed motion of either party or on stipulation.
   b. ☐ Judgment of legal separation is entered.
   c. ☐ Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify)*:

   d. ☐ This judgment will be entered nunc pro tunc as of *(date)*: _____
   e. ☐ Judgment on reserved issues.
   f. The ☐ petitioner's ☐ respondent's former name is restored to *(specify)*: _____
   g. ☐ Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. ☐ This judgment contains provisions for child support or family support. Each party must complete and file with the court a *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice of Rights and Responsibilities—Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a Child Support Order* (form FL-192) is attached.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. July 1, 2012]

**JUDGMENT**
**(Family Law)**

Family Code, §§ 2024, 2340,
2343, 2346
www.courts.ca.gov

FL-180

| CASE NAME (Last name, first name of each party): | | CASE NUMBER: |
|---|---|---|
| Tommieselle Thompson | v. Kimber S. Jackson | FAMBA2302641 |

4. i. ☐ The children of this marriage or domestic partnership are:

(1) ☐ Name                              Birthdate

NONE

(2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership

j. ☐ Child custody and visitation (parenting time) are ordered as set forth in the attached

(1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the information required by Family Code section 3048(a).

(2) ☐ Child Custody and Visitation Order Attachment (form FL-341).

(3) ☐ Stipulation and Order for Custody and/or Visitation of Children (form FL-355).

(4) ☐ Previously established in another case. Case number:        Court:

k. ☐ Child support is ordered as set forth in the attached

(1) ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations required by Family Code section 4065(a).

(2) ☐ Child Support Information and Order Attachment (form FL-342).

(3) ☐ Stipulation to Establish or Modify Child Support and Order (form FL-350).

(4) ☐ Previously established in another case. Case number:        Court:

l. ☑ Spousal, domestic partner, or family support is ordered:

(1) ☐ Reserved for future determination as relates to   ☐ petitioner   ☐ respondent

(2) ☑ Jurisdiction terminated to order spousal or partner support to ☑ petitioner ☑ respondent

(3) ☐ As set forth in the attached Spousal, Partner, or Family Support Order Attachment (form FL-343).

(4) ☐ As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.

(5) ☑ Other (specify): Petitioner marked not requested for Spousal Support on the Petition.

Petitioner is requesting Spousal Support to be terminated for both parties.

m. ☑ Property division is ordered as set forth in the attached

(1) ☐ Settlement agreement, stipulation for judgment, or other written agreement.

(2) ☐ Property Order Attachment to Judgment (form FL-345).

(3) ☑ Other (specify):

There are no assets or debts to be disposed of by the court.

n. ☐ Attorney fees and costs are ordered as set forth in the attached

(1) ☐ Settlement agreement, stipulation for judgment, or other written agreement.

(2) ☐ Attorney Fees and Costs Order (form FL-346).

(3) ☐ Other (specify):

o. ☐ Other (specify):

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: **DEC 1 4 2023**

5. Number of pages attached: _____0_____

Judge Guy A. Bovee
_____
JUDICIAL OFFICER
☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

FL-180 [Rev. July 1, 2012]             **JUDGMENT**             Page 2 of 2
(Family Law)

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>TODD A. FREALY, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Tommieselle Debbreale Thompson | **DEFENDANTS**<br>KIMBER S. JACKSON, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>MALCOLM ♦ CISNEROS, A Law Corporation<br>4 Venture, Suite 395, Irvine, CA 92618<br>Telephone: (949) 252-9400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      □ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor      ☒ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1)     SALE OF PROPERTY PURSUANT TO 11 U.S.C. § 363(h);
(2)     TURNOVER PURSUANT TO 11 U.S.C. § 542(a)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[2] 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[1] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br> TOMMIESELLE DEBBREALE THOMPSON | BANKRUPTCY CASE NO.<br> 6:25-bk-15586-RB | |
| DISTRICT IN WHICH CASE IS PENDING<br>   CENTRAL | DIVISION OFFICE<br>   RIVERSIDE | NAME OF JUDGE<br>Hon. Magdalena Reyes Bordeaux |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br> /s/ Nathan F. Smith | | |
| DATE<br><br>   March 30, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>   Nathan F. Smith | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 1040 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party**.  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.